IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COMMODORE JACKSON,
#R59842,

Petitioner,

vs.

WARDEN STEPHEN B. DUNCAN,

Respondent.                                              Case No. 15-cv-1000-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Commodore Jackson is an inmate who is currently in the custody of the Illinois Department of Corrections. While he was incarcerated at Lawrence Correctional Center ("Lawrence") in September 2015, he filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 (Doc. 1). In the petition, Jackson alleges that he lost thirty days of good conduct credit as a result of prison disciplinary proceedings that violated his Fourteenth Amendment due process rights. He seeks restoration of the lost credit and immediate release on parole.

The case is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### I.   Background

Jackson is currently serving a ten-year sentence on a 2011 conviction for aggravated battery of a pregnant woman.  He was originally slated for release on parole on October 5, 2015.  The Illinois Department of Corrections' public website indicates that his release date is now scheduled for November 5, 2015.[1]

According to the petition, Jackson received a false disciplinary ticket at Lawrence thirty-six days before his original release date (Doc. 1, p. 11).  Counselor Horton issued him the ticket shortly after Jackson filed grievances complaining about another counselor (Doc. 1, p. 6).  The ticket charged him with the following rule violations: (1) 213 – failure to reveal assets; (2) 403 – disobeying a direct order; and (3) 501 – violating state or federal laws (Doc. 1, pp. 11, 13).

Jackson alleges that he was denied due process of law under the Fourteenth Amendment in connection with this ticket.  He did not receive adequate notice of the ticket prior to the hearing (Doc. 1, p. 5).  The adjustment committee was allegedly biased.  Their findings and written summary also reflect a decision that was based on insufficient evidence of Jackson's guilt (*id.*).  Jackson was punished with revocation of thirty days of good conduct credit, among other things.

Jackson claims that Counselor Horton retaliated against him in violation of the First Amendment.  He also claims that he was denied due process of law, in violation of the Fourteenth Amendment.  He now seeks restoration of his lost good

---

[1] *See* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx).  *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

conduct credit and release on parole. Although he made no effort to exhaust his state court remedies prior to filing the instant petition, Jackson maintains that it was not necessary to do so given the amount of good conduct credit at issue.

## II. Discussion

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Section 2254 may be used to present a Fourteenth Amendment Due Process Clause challenge to a disciplinary hearing that results in the loss of good conduct credits. *See, e.g., Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015).

But a habeas corpus petition cannot be used to assert a constitutional challenge to the conditions of one's confinement, such as the conditions Jackson faces in segregation, or a retaliation claim, such as the one Jackson asserts against Counselor Horton. *Preiser*, 411 U.S. at 499. These claims cannot proceed under § 2254. Instead, they must be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983. *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). Jackson's civil rights claims will therefore be dismissed without prejudice to those claims being asserted in a separate action.[2]

---

[2] A civil rights damages remedy based on a retaliation claim against Counselor Horton necessarily undercuts the legality of Jackson's punishment with a loss of good conduct credit by calling into question the ticket giving rise to the punishment. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The petition may proceed as it relates to the due process challenge to the revocation of good conduct credits. However, it cannot proceed against Respondent Duncan, who is Lawrence's warden. After filing the instant petition, Jackson transferred to Hill Correctional Center. The proper respondent is the warden of the facility where the prisoner is being held. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Because of Jackson's *pro se* status and in the interest of judicial economy, Hill's warden, Stephanie Dorethy, will be substituted *sua sponte* as the respondent to Jackson's petition. Warden Dorethy will be required to respond or otherwise plead.

### III. Disposition

The **CLERK** shall **SUBSTITUTE WARDEN STEPHANIE DORETHY** in place of **STEPHEN B. DUNCAN** as the respondent in this action and **TERMINATE** Warden Duncan as a party to the action. This action shall be captioned *Commodore Jackson, Petitioner v. Warden Stephanie Dorethy, Respondent*, until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that all civil rights claims, including the First Amendment retaliation claim, are **DISMISSED without prejudice** to such claims being brought in a separate action. Only the allegations addressing Jackson's Fourteenth Amendment due process claim associated with the revocation of good conduct credits shall **PROCEED**.

**IT IS FURTHER ORDERED** that Respondent **WARDEN STEPHANIE DORETHY** shall answer the petition or otherwise plead within thirty (30) days of

the date this order is entered (on or before November 6, 2015).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Jackson is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 10/7/2015

Digitally signed by David R. Herndon
Date: 2015.10.07 10:00:25 -05'00'

**U.S. District Judge**

---

[3] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.