IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMODORE JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Civil No. 15-cv-1000-DRH-CJP |
| | ) |
| STEPHANIE DORETHY, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, Commodore Jackson, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1).

This matter is before the Court on respondent's Motion to Dismiss Petitioner's Habeas Petition for Failure to Exhaust State Remedies. (Doc. 20). Petitioner responded to the motion (Docs. 12 and 13).

## Relevant Facts

Petitioner is currently serving a ten-year sentence on a 2011 conviction in Cook County for aggravated battery of a pregnant woman. He was originally slated for release on parole on October 5, 2015. The Illinois Department of Corrections' public website indicates his projected parole date is June 7, 2016.[1]

Petitioner received a disciplinary ticket at Lawrence Correctional Center thirty-six days before his original release date that resulted in a loss of thirty days

---

[1] *See,* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx.

of good conduct credit. In connection with the ticket, petitioner claims that he was denied due process of the law under the Fourteenth Amendment. He claims he did not receive adequate notice of the ticket prior to the hearing, that the adjustment committee reviewing his claim was biased, and that the decision was based on insufficient evidence. (Doc. 1, pg. 5). Petitioner also claims that his First Amendment rights were violated because his ticket was based on retaliation. This Court dismissed petitioner's First Amendment claim because a habeas petition cannot be used to assert a constitutional challenge to the conditions of confinement, such as a retaliation claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

## Applicable Legal Standards

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Thus, Section 2254 may be used to present a Fourteenth Amendment Due Process Clause challenge to a disciplinary hearing that results in the loss of good conduct credits. *See*, e.g., *Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015).

28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the

2

>courts of the State; or
>(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also,* 28 U.S.C. §2254(c).

In Illinois, a prisoner must exhaust state court remedies by filing "a complaint for an order of mandamus from an Illinois circuit court." *McAtee v. Cowan*, 250 F.3d 506, 508-509 (7th Cir. 2001). Further, if the prisoner loses at the circuit court stage, he "must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court," to fully exhaust his state remedies. *Id.*

## Analysis

Jackson's petition must be dismissed for failure to exhaust state judicial remedies.

Petitioner argues that he did not exhaust state remedies because they were unavailable for his claim. To support his argument, he cites a portion of 730 ILCS 5/3-6-3(c) stating that "the Board shall not be empowered to review the Department's decision with respect to the loss of 30 days of sentence credit within any calendar year for any prisoner. . ." Petitioner claims that as a result of the

3

Board being unable to review his loss of thirty days good conduct credit he does not have an available state corrective process.

Petitioner misreads the statute. While the statute indicates the Prisoner Review Board could not review the action, it does *not* prevent petitioner from filing a complaint for an order of mandamus with the state. As noted above, the Seventh Circuit has stated that "Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court." *McAtee*, 250 F.3d at 508.

Petitioner does not claim to have filed a state court challenge to the loss of his good conduct credits, and as a result he failed to exhaust state judicial remedies. There is an available state corrective process, i.e., a mandamus proceeding. *See*, *McAtee*, *supra*; *Johnson v. McGinnis*, 734 F.2d 1193, 1200 (7th Cir. 1984). There is no indication that an Illinois mandamus proceeding would be ineffective to protect his rights.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing §2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without

reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a certificate of appealability to be issued.

Here, it is apparent that Jackson did not exhaust the appropriate remedies prior to filing his petition. No reasonable jurist would find this issue debatable. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Respondent's Motion to Dismiss Petitioner's Habeas Petition for Failure to Exhaust State Remedies (Doc. 20) is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 31st day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.31 13:48:59 -05'00'

**UNITED STATES DISTRICT COURT**